NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PAULINE BORDES, | : | |
| | : | |
| Plaintiff, | : | Hon. Dennis M. Cavanaugh |
| | : | |
| v. | : | **OPINION** |
| | : | |
| | : | Civil Action No: 04-5586 (DMC) |
| MICHAEL J. ASTRUE, | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY, | : | |
| | : | |
| Defendant. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

Before the Court is an application for attorney's fees under 42 U.S.C. § 406(b) for services performed in Plaintiff's Social Security proceedings to recover benefits. No oral arguments were heard pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, counsel's application for fees is **denied**.

### I. BACKGROUND[1]

Plaintiff prevailed in her claims for disability benefits when this Court reversed the Administrative Law Judge's (ALJ) denial of Plaintiff's claim, and the Third Circuit then remanded the case to the ALJ for further proceedings, No. 06-2917, (3d Cir. May 18, 2007). Plaintiff received a Notice of Award from the Social Security Administration on March 7, 2010.

Plaintiff's counsel then filed for recovery of attorney's fees in this Court on March 23, 2010.

---

[1] The facts in the Background section have been taken from the parties' submissions.

Defendant objected to the award of fees pursuant to § 406(b) because Plaintiff's counsel failed to apply for recovery under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, as required by this Court, and now is time-barred from submitting such an application.[2]  In reply, Plaintiff's counsel contended that it was unnecessary to apply for fees under the EAJA because the government's position in the Social Security proceedings was "substantially justified," counsel was thereby ineligible to recover under the statute.

## II. DISCUSSION

Courts have indicated a strong preference for awarding attorney's fees pursuant to the EAJA, which are recovered from the government, rather than under § 406(b), which deducts the fees from the claimant's benefits.  See Gregory v. Bowen, No. 88-1208, 1989 WL 32142 at *2 (D.N.J. Mar. 29, 1989).  It is not sufficient, therefore, to merely allege that the government's position was "substantially justified" in seeking an excuse from filing an EAJA application.  Instead, in this district it is required that:

> If counsel chooses to proceed under § 406 alone, counsel shall give notice to the client (i) advising the client of his or her right to object either in person or by letter to the amount of the fee requested; and (ii) advising the client that counsel has chosen to make application under § 406(b) rather than the EAJA and explaining the reasons for that decision.  Such notice shall be filed with the Clerk.

Salaberio v. Sec'y of Health & Human Servs., No. 84-1618, 1988 WL 52235, at *1 (D.N.J. Apr. 18, 1988) (quoting In Re Standing Order in Social Security Cases, Misc. 85-465 (D.N.J. Dec. 27, 1985)); Adkins v. Bowen, No. 85-1241, 1987 WL 27915, at *1 (D.N.J. Dec. 14, 1987).  A client's consent, on its own, is not sufficient to meet these enhanced notice requirements.  See Salaberio, 1988 WL

---

[2]Defendant acknowledged that the requested fees did "not appear unreasonable."

52235, at *2 ("[T]he enhanced requirements that accompany a fee application under § 406 must be complied with even when the client has consented."). Furthermore, the requirements must be satisfied "in 'all cases . . . in which an application for attorney's fees may be made.' . . . if counsel believes such fees to be unavailable, he may proceed under section 406 alone, 'provided' that he 'shall give notice to the client.'" Gregory, 1989 WL 32142, at *4 (quoting Standing Order, Misc. No. 85-465).

While counsel may have been correct in his reasoning to not apply for fees under the EAJA, since he believed that the government's position was substantially justified and that he therefore would be ineligible to recover under the EAJA, counsel did not indicate that he gave the requisite enhanced notification to Plaintiff detailing this reasoning, nor did he file any such notice with the Clerk. That notification was required regardless of Counsel's position on whether EAJA fees were actually recoverable. Counsel's failure to make the required disclosures to his client prevents him from now being able to recover fees under § 406, and so the application for attorney's fees must be denied.[3]

---

[3] Plaintiff's counsel did not file an application to recover attorney's fees under the EAJA during the allowable 120-day window and would now be unable to do so. "An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'- i.e., 30 days after the time for appeal has ended." Shalala v. Schaefer, 509 U.S. 292, 302 (1993) (citation omitted). When the Third Circuit remanded Plaintiff's claim to the Administrative Law Judge on May 18, 2007, Plaintiff became a prevailing party pursuant to the EAJA because a "sentence-four remand . . . is a judgment for the plaintiff." See id. At that point, counsel had 120 days to file an application for attorney's fees under the EAJA. See 28 U.S.C. § 2101(c) (providing for ninety days for a party to bring an appeal to the Supreme Court from a civil judgment entered by the court of appeals); 28 U.S.C. § 2412(d)(1)(B) (mandating that counsel "within thirty days of final judgment in the action, submit to the court an [EAJA] application for fees"). Given that more than 120 days have passed since the Third Circuit's ruling, counsel would now be unable to timely file for recovery of fees under the EAJA. Once the time-limit for filing an application for fees under the EAJA has expired, "the court would have no choice but to deny [counsel] all fees whatsoever, without regard to whether EAJA recovery is warranted or not." Gregory, 1989 WL

### III. **CONCLUSION**

Plaintiff's counsel did not demonstrate that he met this Court's enhanced requirements by advising Plaintiff that he was pursuing fees only under § 406 and not under the EAJA, providing her with the rationale for that decision, and notifying her of her right to object; nor did he file such notice with the Clerk. Accordingly, counsel's application to recover attorney's fees pursuant to § 406 is **denied**.

                                               S/ Dennis M. Cavanaugh
                                               Dennis M. Cavanaugh, U.S.D.J.

Date:         May  4 , 2011
Orig.:        Clerk
cc:           All Counsel of Record

---

32142, at *4.